O’Neall, J.
delivered the opinion of the Court.
In this case, the only question presented for consideration is, whether a note, given for admission into the society which professes the Thompsonian system of medicine, can be recovered.
The object of the society, as far as we are informed, is to instruct its members in the cure of disease, by the administration of vegetable, instead of mineral medicines. So far, its object is perhaps laudable: for every thing, which is calculated to shed light on any matter of science, is worthy of encouragement ; and more especially so, if its object be the preservation of health, and the protection of human life. I am not informed suffieiemly as to the Thompsonian system to say, whether it will have either of these effects; or whether it may not be, in the hands of empirics, the parent of disease and death. It is, however, held up by its friends as not only the simplest, but also the most efficacious, system for the cure of disease, which has ever been presented to man. Those who have curiosity to penetrate its secrets, and to obtain a participation in their alleged benefits, may lawfully do so. There is nothing unlawful, pr immoral, in either seeking, or imparting, this information. The society might lawfully require a sum to be paid as the initiation fee. If the note had been given for a license, or right, to practise medicine, or surgery, in opposition to the laws of this State, it would have been void. But the presiding Judge reports that it was given as an “initiation fee:” and although it appears, that upon the defendant’s attending the lectures, and being examined, and found competent, he was to receive a diploma to practise; it does not appear, that this diploma formed any part of the consideration of the note.
1 am at a loss to perceive how there can be any question as to failure of consideration. The note was.given for initiation. The defendant was initiated, and attended a lecture, and received two books. These might, for aught I know, have been ali that was necessary to make him thoroughly acquainted with the Thompsonian system. If they were not, it was his business to attend all the lectures, and pursue the information, which it might be in the power of the society to’ afford, until he. had obtained it all. If he táilecl to do this, or, if having gone through *599 the whole course, he is still incompetent to understand the Thompsonian system, (and I will not pretend to dispute the fact,) it is either his fault, or his want of capacity.' As a general rule, when a man from curiosity, or for the sake of information, buys the right of gratifying the one, or procuring the other, he must be held to his contract, although he níáy be disappointed as to the value of his purchase. It is riot the business of Courts to protect parties from the consequences of bad contracts, but' to protect them from the consequences of either legal, or moral, fraud, and imposition.
Colcock, J. and Johnson, J. concurred.
Motion refused.'